Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ORLANDO OLAIS-ROCHA,<br><br>  Defendant. | No. CR11-159RAJ<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

## I.  INTRODUCTION

This matter comes before the court on Defendant Orlando Olais-Rocha's *pro se* motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG") (Dkt. #513).  Plaintiff United States of America opposes the motion (Dkt. #528). The court has thoroughly considered the parties' briefing, the relevant record, and the applicable law.  Being fully advised,[1] the court DENIES Mr. Olais-Rocha's motion for the reasons stated below.

## II.  BACKGROUND

Defendant Orlando Olais-Rocha was sentenced by this court on September 7, 2012, following his plea of guilty to conspiracy to distribute controlled substances,

---

[1] No party has requested it, and the court finds oral argument to be unnecessary.

ORDER DENYING MOTION
FOR REDUCTION OF SENTENCE – 1

conspiracy to engage in money laundering, and possession of a firearm in furtherance of a drug trafficking crime.

The amount of methamphetamine and heroin involved in Defendant's offense was equivalent to 89,000 kilograms of marijuana.  Based on the 2011 edition of the Sentencing Guidelines, applicable to the date of the offenses, the appropriate Base Offense Level for the drug offense was 38. USSG § 2D1.1(c)(1).  Pursuant to various enhancement provisions of USSG § 2D1.1, Defendant was then assessed upward adjustments related to the drug offense for: importation of methamphetamine; maintaining premises for the purpose of distributing controlled substances; employing a pregnant person in the distribution of controlled substances; and leadership.  This resulted in an adjusted offense level of 48 for the drug offense. Defendant's money laundering conviction added a 2-level enhancement, and then Defendant was awarded full credit for acceptance of responsibility, resulting in an offense level subtotal of Level 47.

The sentencing table at USSG Ch. 5 Pt. A only goes up to Level 43, but the commentary directs that "[a]n offense level of more than 43 is to be treated as an offense level of 43." At Total Offense Level 43 and Criminal History Category I, Defendant's resulting sentencing range was life, plus 60 months consecutive for the gun offense.  This is the sentencing range adopted by the court.  The court then varied downward from that range pursuant to the parties' negotiated recommendation in the Plea Agreement and imposed a sentence of 144 months' imprisonment for the drug and money laundering offenses, concurrent, plus 60 months consecutive for the gun offense, for a total sentence of imprisonment of 204 months.

### III.  DISCUSSION

**A.  Legal Standard**

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by

reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the Defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

### B. Defendant's Motion

Following passage of the recent amendments to USSG § 2D1.1, Defendant's applicable sentencing range for the combined drug and money laundering offenses has not been reduced; it remains life. This is because even though his base offense level is reduced from Level 38 to Level 36, and, leaving all other adjustments in place, his new offense level subtotal is correspondingly reduced from Level 47 to Level 45, this still exceeds the high end of the Sentencing Table. Accordingly, his newly-reduced offense level subtotal continues to be treated as Level 43, as directed by USSG Ch. 5, Pt. A, comment. n. 2. Accordingly, neither his applicable Total Offense Level nor his corresponding sentencing range has been reduced by the amendments.

Section 1B1.10 explicitly directs: "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that

were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG § 1B1.10 (b)(1). When this is done, Defendant's applicable sentencing range is not reduced. Accordingly, Defendant's sentencing range has not been lowered by a retroactively applicable Guidelines amendment, and the district court lacks jurisdiction to reduce the defendant's sentence. *Wesson*, 583 F.3d at 730.

## IV.  CONCLUSION

For the above reasons, Defendant Orlando Olais-Rocha's *pro se* Motion to Reduce Sentence (Dkt. #513) is DENIED.

DATED this 8th day of June, 2015.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

FOR REDUCTION OF SENTENCE – 4