THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ORLANDO OLAIS-ROCHA,<br><br>Defendant. | Case No.  CR11 – 00159 RAJ<br><br>**ORDER ON DEFENDANT'S MOTION FOR REDUCED SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)** |

This matter comes before the Court on Defendant Olais-Rocha's motion for a reduced sentence under 18 U.S.C. § 3582 (c)(1)(A) and the Sentencing Guidelines. Dkts. 619 and 620.  The defendant is proceeding Pro Se.  Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained.

## I.   BACKGROUND

Mr. Olais-Rocha is an inmate currently detained at FCC-Yazoo City, Yazoo City, MS., with a projected release date in May, 2026.  The government's Response Dkt. 621 accurately explains the charges to which the defendant pled guilty, his criminal history

ORDER – 1

and Guideline calculations as determined by this Court.  For ease of reference, the Court will not restate or contradict the accuracy of what the government has represented. Dkt. 621, at 3.

This Court previously determined that the retroactive amendments to the Sentencing Guidelines that took effect in 2014 did not reduce his applicable sentencing range.  Dkt. 530.  This Court then concluded that even after the retroactive reductions were applied to his case, his applicable offense level still exceeded the high end of the Sentencing Table and his sentencing range remained unchanged.  The defendant now seeks similar relief but for different reasons.

## II. DISCUSSION

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States,* 560 U.A. 817, 819 (2019) (quoting 18 U.S.C. § 3582(c).

A District Court has authority pursuant to 18 U.S.C. § 3582(c)(2), to reduce a defendant's sentence under certain limited circumstances.  The applicable provision in § 3582 (c)(1) permits this Court to reduce a sentence if, after considering the factors set forth in 3553(a), the Court "finds that" extraordinary and compelling reasons warrant such reduction" "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  This statute also permits consideration for reduction if the defendant is at least 70 years old and has served at least 30 years in prison.  The defendant does not meet this later criterion and no further discussion on it is warranted.

At the outset of this analysis, the Court affirms that it is the defendant's burden to show special circumstances meeting the high bar for a sentence reduction.  *United States v. Wright,* 46 F. 4th 938, 951 (9th Cir. 2022).

The defendant has clearly established that he has exhausted his administrative remedies on some of his claims as evidenced by proof that on or about May 11, 2023, he sent a request to the warden regarding his claims of extraordinary post sentencing rehabilitative effort and sterling prison record.  These requests were denied. Dkt. 620-1.

ORDER – 2

The government does not contest this assertion but challenges his other claims that a change in the law has created a gross disparity between his sentence and those imposed on other defendants today with the same offense conduct and criminal history. As these other issues were not addressed with the warden, they are not ripe for consideration. But like the government, the court will address these issues to resolve the defendant's claims.

One of the defendant's claims is premised upon his contention that his exemplary prison record and rehabilitative efforts qualify him for early release from custody. The record he advances are the absence of any disciplinary action within six months and his completion of educational courses. While these steps are admirable, they do not justify a reduction in sentence. What he has advanced are expected of all inmates but as presented do not independently establish extraordinary and compelling reasons to reduce his sentence, rather they demonstrate expected rehabilitation.

Next, the defendant contends a "change in the law" has created a "gross sentencing disparity" in his case. Dkt. 620 at 5. The court disagrees that any change in the law warrants his early release or reduction in his sentence. He argues that *Dean v. United States,* 581 U.S. 62 (2017) supports his claim. He ignores that a component of his sentence was a mandatory consecutive term of imprisonment. *Dean* does not allow a court to ignore any applicable mandatory minimum associated with the predicate offense. This Court clearly understood the impact of the mandatory minimum in imposing the defendant's sentence. This Court agrees with the government that the Plea Agreement contemplated a combined sentence of 15 to 17 years. This Court considered the impact when it imposed a sentence of 17 years after considering all the aggravating and mitigating factors and any sentencing disparity considering the sentences imposed on other co-conspirators.

Not only was the defendant the head of an extensive and long-term drug trafficking organization, but the operators also possessed numerous firearms for protection at four residences with multiple distributors. As noted by the government, during one single day, agents seized over 4 kilograms of actual methamphetamine, over 2.5 kilograms of heroin, numerous firearms, and cache of ammunition. Defendant

ORDER – 3

admitted that he had been involved in this conduct for approximately three years, and this Court concludes the sentence imposed was warranted and justified.

Additionally, Olais-Rocha suggests that the First Step Act (FSA) changes to the limits on safety-valve eligibility would permit him to receive a lower sentence if imposed today. Dkt. 620 at 6. His analysis is flawed. The defendant pled guilty to the firearm charge and this conviction and the underlying offense conduct involving possession of numerous firearms in furtherance of the drug trafficking conspiracy disqualified him from safety-valve eligibility. 18 U.S.C. § 3553(f)(4). There has been no law change as claimed by the defendant that would result in a reduced sentence.

Mr. Olais-Rocha also claims that amendment to U.S.S.G § 1B1.13 should result in a finding that his §924(c) offense is not a "violent" offense that precludes him from earning FSA credits. Dkt. 619-1. This claim is denied for two reasons. First, that argument is more appropriate for a 2241 motion challenging the refusal to award those credits. Second, the prohibition that bars a defendant convicted of 924(c) offenses from earning FSA credits is not derived from the Sentencing Guidelines and no relief should be accorded on these grounds. 18 U.S.C. §3632(d)(4)(D)(xxii).

Last, the Court considers whether relief can be accorded the defendant for having demonstrated extraordinary and compelling reason to reduce his sentence utilizing the Section 3553(a) U.S.S.G factors. The answer is no. The government has responded with a brief articulation of the § 3553(a) factors that justify denial of the defendant's motion. At the time of sentencing, the Court articulated the justification for the 17-year sentence. The defendant was the leader of a significant and large drug distribution network dealing in dangerous drugs while armed. His conduct involved several aggravating factors including the large amount of drugs, the length of time he was involved in the operation, and the general scope of the conspiracy. These factors warranted the 17-year custodial sentence when it was imposed, and that determination remains the same today.

The defendant has failed to establish that there are extraordinary and compelling reasons to justify his early release or reduction in his sentence.

ORDER – 4

### III. CONCLUSION

For the foregoing reasons, the defendant's Motion for Reduction of Sentence is **DENIED**.

DATED this 3rd day of April, 2024.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5