Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>ORLANDO OLAIS ROCHA,<br><br>              Defendant. | No. 2:11-cr-00159-RAJ<br><br>ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE |

THIS MATTER is before the Court on Defendant Orlando Olais Rocha's Motion to Reduce his 17-year custodial sentence pursuant to 18 U. S. C. § 3582(c)(1)(A). Dkt. 627. The government opposes the motion. Dkt. 628. Neither of the parties have requested oral argument, and the Court does not find it necessary. For the reasons set forth below, the Court **DENIES** the defendant's motion for reduction of his sentence.

The government's recitation of the procedural history is unchallenged and accurately reflects the status of this case. Dkt. 628, at 2-3. Consequently, there is no need to repeat the posture of this case.

The defendant's motion is premised upon his perception that his sentence was based in part on his admitted quantity of actual methamphetamine which he contends is inconsistent with current law and serves as an "extraordinary and compelling" reason for a reduction in his sentence pursuant to USSG § 1B1.13(b)(6). Dkt. 627 at 6. The defendant's understanding of the law is mistaken.

The defendant's current motion is redundant to his December 2014 contention that retroactive changes to the Sentencing Guidelines that took effect in 2014 should have reduced his sentence. Dkt. 513. This Court denied that motion noting that the referenced amendments did not reduce his applicable sentencing range. Dkt. 530. This determination was made because even when the retroactive reductions were applied, the defendant's applicable offense level exceeded the high end of the Sentencing Guidelines Table. These reductions did not alter his "life" plus 60-months range.

The defendant now seeks compassionate release contending the change in the law regarding the purity of methamphetamine represents a gross disparity warranting the relief he requests pursuant to USSG § 1B1.13(b)(6). Dkt. 627 at 6.

The government's analysis of the law and facts of this case are accurate as stated and adopted by this Court in their entirety for several reasons.

First, the record as submitted by the defendant does not demonstrate that he has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). He references that "Exhibit A" supports his contention that he has satisfied this requirement. However, as the government observes, while he referenced he supplied this proof, there is nothing in the record to support his claim as the exhibit was not attached nor reflected in the record on file. The Court will not confirm this requirement has been met absent evidence to support this contention.

Second, the defendant is under the mistaken belief that his offense level scoring based on the purity of methamphetamine has created a gross disparity in his case to conclude an "extraordinary and compelling" reason exists for relief. Dkt. 627 at 6-7. There is no disparity between his sentence as imposed and as it currently exists.

The defendant's sentence included a 10-year mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(A). This minimum sentence is imposed for any offense involving 50 grams and more of actual methamphetamine or 500 grams and more of

a methamphetamine mixture. Since the defendant's offense involved more than 500 grams of actual methamphetamine, he was subject to the 10-year mandatory sentence regardless of whether it was "actual" or a "mixture." There has been no change in the law on this issue.

Additionally, the defendant's Guideline range has not changed. The government references the calculations of the defendant's Guideline range pursuant to his Plea Agreement where he made admissions to the specific quantities of drugs for which he admitted responsibility. The government accurately referenced these admissions, and they will not be restated again. Dkt. 628, at 10. As noted, the Court relied upon these admissions made under oath by the defendant. These resulted in a Total Offense Level 43 with a range of "life" for the non-firearms offenses.

As the government points out, even if this Court had granted the defendant's request and substituted the "mixture" for "actual" calculations, his sentencing range would still be the same. While that substitution would have reduced his Base Offense Level from Level 36 to Level 34, the nine-level upward offense level would have resulted in Total Offense Level 43 at Category I. The end result leaves the defendant with the same outcome and certainly no basis for a change in his sentence and certainly did not create a "gross disparity" in his sentence.

The defendant additionally seeks relief for a reduced sentence under Section 3553(a) of the Guidelines. His motion is premised upon his contention that he has served an adequate amount of time compared to the average defendant incarcerated for murder, and that his conviction was for a non-violent drug offense. Specifically, he advocates that the nature and circumstances of his crime of conviction and his history and characteristics warrant a reduced sentence.

The defendant's arguments are unpersuasive and do not support compelling reasons to reduce his sentence. A reduction in his sentence would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment. The government properly framed the justification for the sentence this Court

originally imposed. The defendant emphasizes that his crime of conviction was non-violent. Yet he fails to address the totality of the circumstances of his criminal conduct which included his being a leader of a criminal organization that crossed borders, that he had personal involvement in all phases of the mechanics of running his drug operation, that his distribution network involved significantly large amounts of dangerous and highly addictive drugs, and that he evaded arrest while armed.

For all of the foregoing reasons, the defendant's motion is **DENIED.**

DATED this 10th day of July, 2025.

_____
The Honorable Richard A. Jones
United States District Judge